

AlaFile E-Notice

01-CV-2020-904076.00

To: SECURIAN FINANCIAL SERVICES, INC.
CORPORATION SRVC CO, INC
641 S LAWRENCE ST
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

LINDA D. WALTON V. COMPASS GROUP USA, INC. ET AL
01-CV-2020-904076.00

The following complaint was FILED on 12/3/2020 6:53:23 PM

Notice Date:    12/3/2020 6:53:23 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | Court Case Number<br>01-CV-2020-904076.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### LINDA D. WALTON V. COMPASS GROUP USA, INC. ET AL

**NOTICE TO:** SECURIAN FINANCIAL SERVICES, INC., CORPORATION SRVC CO, INC 641 S LAWRENCE ST, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
DAVID LEE GRAVES

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2900 1st Avenue South, BIRMINGHAM, AL 35233

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of LINDA D. WALTON pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

12/03/2020      /s/ JACQUELINE ANDERSON SMITH     By: _____
*(Date)*              *(Signature of Clerk)*                      *(Name)*

☑ Certified Mail is hereby requested.      /s/ DAVID LEE GRAVES
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,
*(Name of Person Served)*        *(Name of County)*
Alabama on _____.
*(Date)*

_____    _____    _____
*(Type of Process Server)*      *(Server's Signature)*            *(Address of Server)*

                                  _____    _____
                                  *(Server's Printed Name)*       *(Phone Number of Server)*

ELECTRONICALLY FILED
12/3/2020 6:53 PM
01-CV-2020-904076.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| | | |
|---|---|---|
| **State of Alabama** <br> Unified Judicial System <br><br> Form ARCiv-93   Rev. 9/18 | **COVER SHEET** <br> **CIRCUIT COURT - CIVIL CASE** <br> (Not For Domestic Relations Cases) | Case: 01 <br> Date of Filing: 12/03/2020 <br> Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**LINDA D. WALTON v. COMPASS GROUP USA, INC. ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other
**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO
Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** GRA038
Date: 12/3/2020 6:53:34 PM
Signature: /s/ DAVID LEE GRAVES

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO



ELECTRONICALLY FILED
12/3/2020 6:53 PM
01-CV-2020-904076.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| LINDA D. WALTON, an individual; | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL ACTION NO.:<br>) CV _____ |
| COMPASS GROUP USA, INC.,<br>a corporation;<br>SECURIAN FINANCIAL SERVICES, INC.,<br>a corporation;<br>JOHN DOE, an individual who sold the<br>life insurance policy on the occasion made<br>the basis of this suit;<br>"A", "B" and "C", whether singular<br>or plural, the person, firm, corporation,<br>partnership, LLC, or other entity selling<br>employee benefits not limited to but including<br>life insurance, on the occasion<br>made the basis of this suit; "D", "E" and "F",<br>whether singular or plural, the person, firm,<br>corporation, partnership, or other entity on<br>whose behalf administered the employee<br>benefits and or life insurance on behalf of<br>the Defendants, on the occasion made the<br>basis of this suit; "G", "H" and "I", being<br>whether singular or plural, the person, firm,<br>corporation, partnership, or other entity on<br>whose behalf managed the employee<br>benefits and or life insurance on behalf of<br>the Defendants, on the occasion made the<br>basis of this suit; "J", "K" and "L", whether<br>singular or plural, the person, firm,<br>corporation, partnership, or other entity on<br>whose behalf adjusted claims for the employee<br>benefits and or life insurance on behalf of<br>the Defendants, on the occasion made the<br>basis of this suit;<br>Plaintiffs aver that the identity of the<br>fictitious party Defendants is otherwise<br>unknown to the Plaintiff at this time, or if<br>their names are known to the Plaintiff,<br>their identity as proper party Defendants<br>is not known to the Plaintiff at this time,<br>but their true names and identities will be | )<br>)<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| substituted by amendment when ascertained. | ) ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

### FACTS

1. Plaintiff, Linda D. Walton, is an individual over the age of nineteen (19) and a resident of Jefferson County in the State of Alabama.

2. Defendant, Compass Group USA, Inc., is a corporation doing substantial business in the State of Alabama and had a policy of life insurance issued to Linda D. Walton.

3. Defendant, Securian Financial Services, Inc., is a corporation doing substantial business in the State of Alabama and had a policy of life insurance issued to Linda D. Walton.

4. Defendant, JOHN DOE, is an individual over the age of nineteen (19), an insurance salesman and a resident of the State of Alabama.

5. Fictitious Defendants A, B, and C, whether singular or plural, is the person, firm, corporation, partnership, or other entity selling employee benefits and or insurance, on the occasion complained of in this lawsuit.

6. Fictitious Defendants D, E, and F, whether singular or plural, is the person, firm, corporation, partnership, or other entity on whose behalf the employee benefits including life insurance were administered by the Defendant on the occasion made the basis of this lawsuit.

7. Fictitious Defendants G, H, and I, whether singular or plural, is the person, firm, corporation, partnership, or other entity on whose behalf the employee benefits including life insurance were managed by the Defendant on the occasion made the basis of this lawsuit.

8. Fictitious Defendants J, K, and L, whether singular or plural, is the person, firm,

corporation, partnership, or other entity on whose behalf the employee benefits including life insurance were adjusted by the Defendant on the occasion made the basis of this lawsuit.

9. On or about the 8th day of October, 2015, defendants JOHN DOE and Compass Group USA, Inc., sold a life insurance policy to Plaintiff covering her granddaughter Laila Frazier.

10. On or about the 8th day of October, 2015, defendants JOHN DOE, Compass Group USA, Inc., and/or Securian Financial Services, Inc. began collecting monthly insurance premiums from Plaintiff in accordance with the life insurance policy covering Laila Frazier.

11. On or about the 31st day of August, 2019, Laila Frazier accidentally drowned in a tragic swimming pool accident.

12. Since the Laila Frazier's death, defendants JOHN DOE, Compass Group USA, Inc., and/or Securian Financial Services, Inc. have repeatedly refused to pay the life insurance policy as required under contractual agreement in the life insurance policy.

13. As a proximate consequence of Defendants' JOHN DOE, Compass Group USA, Inc., and/or Securian Financial Services, Inc., and/or fictitious defendants' negligence, wantonness, bad faith, fraud, breach of contract, promissory fraud, and outrage Plaintiff suffered significant and permanent injuries and disabilities as set forth below.

## COUNT ONE - NEGLIGENCE

14. Plaintiffs re-allege paragraphs one (1) through thirteen (13) of the Complaint as fully set forth herein.

15. At the aforesaid time and place, Defendants, and/or fictitious defendants, negligently caused or allowed the life insurance claim of the Plaintiff to go unanswered and otherwise be denied.

16. As a proximate consequence of the negligence of Defendants, and/or fictitious defendants, Plaintiff, Linda D. Walton, was injured and damaged as follows:

    (a)    She suffered extreme financial injury;

    (b)    She failed to receive the benefit of her bargain;

    (c)    She continued to be charged for insurance premiums after the child was deceased;

    (d)    She suffered great emotional pain and mental anguish;

    (f)    He was caused to incur expenses for burial from various vendors, and businesses;

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Linda D. Walton demands judgment against the Defendants, JOHN DOE, Compass Group USA, Inc., and/or Securian Financial Services, Inc., and/or fictitious defendants, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT TWO - WANTONNESS

17. Plaintiffs re-allege paragraphs one (1) through sixteen (16) of this Complaint as if fully set forth herein.

18. At the aforesaid time and place, Defendants, and/or fictitious defendants, wantonly caused or allowed the life insurance claim of the Plaintiff to go unanswered and otherwise be denied.

19. As a proximate consequence of the wantonness of Defendants and/or fictitious defendants, Plaintiff was injured and damaged as set forth in paragraph sixteen (16) above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, and/or fictitious defendants, for compensatory and punitive damages the court may

determine, together with interest from the date of the injury plus the costs of this action.

## COUNT THREE – BAD FAITH

20. Plaintiff re-alleges paragraphs one (1) through nineteen (19) of this Complaint as if set fully set forth herein.

21. Plaintiff has offered to settle his claim but Defendants refused to honor the settlement and refused to pay the Plaintiff who is an insured.

22. Defendants failed to investigate this claim and has refused to avail themselves of the law of Alabama regarding their own insured.

23. Defendants failed or refused to make any reasonable effort to handle this case in a responsible and professional manner. Defendant further forced the Plaintiffs to proceed with litigation despite there being no genuine issue of liability or significant issue regarding to damages, injuries, and/or losses endured by the plaintiff.

24. Defendants failed or refused to properly investigate this claim to determine the true nature and extent of their insured's injuries and the severity of this wreck.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs hereby demand judgment against the Defendant, and/or fictitious defendants, in an amount as the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT FOUR – BREACH OF CONTRACT

25. Plaintiff hereby alleges all allegations contained in the preceding paragraphs of this Complaint as if here again set out in both letter and number.

26. Plaintiff bought a Life Insurance Policy to insure against the exact situation involved in this lawsuit.

27. Plaintiff has performed all obligations under the policy.

28. Defendants breached their obligation to investigate and pay Plaintiff's claims brought under the contract.

29. As a result of Defendants' breach, Plaintiff has suffered damages.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff hereby demands judgment against Defendant Defendants in an amount as the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT FIVE - FRAUD

30. Plaintiffs herby allege all allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

31. When Defendants, sold the Plaintiff this life insurance policy they represented to Plaintiff that the Policy they sold her was the best policy and that it would fully protect her if one of her insured children/grandchildren passed away.

32. Plaintiff relied on Defendant's expertise and representations and purchased the Policy.

33. For years, Plaintiff paid the Policy premiums that included life insurance coverage for Laila Frazier.

34. On August 31, 2019, Laila Frazier was involved in a tragic swimming pool accident that took her life.

35. Defendants refuse to pay Plaintiff's claim as represented when they sold her the Policy.

36. The fraud has been ongoing since the August 31, 2019 accident while Defendants

represented to Plaintiff that they were continuing to investigate the claim as recently as December 2, 2020.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT SIX – PROMISSORY FRAUD

37. Plaintiffs hereby allege all allegations contained in the preceding paragraphs of this Complaint as if here again set out in both letter and number.

38. Defendants sold Plaintiff a Policy to insure her family.

39. Defendants promised that it would protect Plaintiff up to the policy's limits should an accident take the life of an insured family member.

40. Defendants had no intention of fulfilling that promise when they sold the policy to Plaintiff. Instead, Defendants' business practice was and is to train its adjusters and to use its computer system, such as Colossus, to deny Plaintiff's claims.

41. Defendants' pattern and practice is to sell life insurance policies to cover claims that it never intends to pay or never intends to pay in full.

42. Defendants never intended to pay the full value of Plaintiff's claim.

43. Plaintiffs relied on Defendants' representation that it would pay their claims.

44. As a proximate consequence of the Defendants' fraud, Plaintiffs were injured and damaged.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendant Defendants for compensatory and punitive damages the court may determine, together

with interest from the date of the injury plus the costs of this action.

### COUNT EIGHT – OUTRAGE

45. Plaintiffs hereby allege all allegations contained in the preceding paragraphs of this Complaint as if here again set out in both letter and number.

46. The aforementioned conduct of the Defendants was extreme and outrageous.

47. The Defendants' extreme and outrageous conduct caused severe emotional distress to the Plaintiff.

48. The Defendants knew, or should have known, that emotional distress was the likely result of their extreme and outrageous conduct.

49. The aforementioned wrongful conduct of the Defendants combined and concurred to proximately cause the Plaintiff to suffer damages including but not limited to economic loss and severe mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against the Defendant Defendants for compensatory and punitive damages the court may determine, together with interest from the date of the injury plus the costs of this action.

Respectfully Submitted,

/s/ David L. Graves
**DAVID L. GRAVES**
**(GRA038)**

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 1ˢᵗ Avenue South
Birmingham, AL 35233
(205) 983-8117
(205) 983-8417- Facsimile
dgraves@asilpc.com

**Plaintiffs' Address:**

Linda D. Walton
c/o David L. Graves
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

**SERVE DEFENDANT BY CERTIFIED MAIL FROM THE CLERK'S OFFICE AS FOLLOWS:**

Compass Group USA, Inc.
Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104

Securian Financial Services, Inc.
Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104

**SERVE DEFENDANT BY CERTIFIED MAIL FROM THE PLAINTIFF'S OFFICE AS FOLLOWS:**

John Doe
4941 Montevallo Road
Irondale, AL 35210

**JACQUELINE ANDERSON SMITH, CLERK**
CIRCUIT COURT OF JEFFERSON COUNTY
CIVIL DIVISION-ROOM 400
716 RICHARD ARRINGTON JR. BLVD NORTH
BIRMINGHAM, ALABAMA 35203



7020 2450 0001 8610 4835



U.S. POSTAGE >> PITNEY BOWES

ZIP 35203  $ 007.20⁰
02 4W
0000374811 DEC. 04 2020